IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICARDO MORALES, : | |
|     Petitioner, : | |
| : | No. 1:17-cv-01079 |
| v. : | |
| : | (Judge Rambo) |
| WARDEN SPAULDING, : | |
|     Respondent : | |

## MEMORANDUM

### I.  BACKGROUND

On June 20, 2017, Petitioner Ricardo Morales ("Morales"), an inmate at the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Morales seeks to challenge a sentence imposed by the United States District Court for the Southern District of New York in United States v. Diaz, et al., Crim. No. 96-00317-DC-2.

Morales was found guilty by a jury in the Southern District of New York "of racketeering, Hobbs Act, and firearms violations" and on August 13, 1997, was sentenced "to imprisonment for life plus 125 years." United States v. Morales, Crim. No. 96-00317-DC-2, 2003 WL 21511927, at *1 (S.D.N.Y. Jul. 1, 2003). On July 26, 1999, the "Second Circuit reversed and vacated his conviction on the RICO counts and other counts dependent on RICO, but affirmed his convictions for robbery in violation of the Hobbs Act, use and possession of a firearm in

1

relation to the Hobbs Act offenses, and possession of a firearm as a felon." Id. Morales was resentenced on January 29, 2001 to 110 years imprisonment, which was affirmed by the Second Circuit on November 28, 2001. Id.

On April 7, 2003, Morales filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. Id. His motion was denied by the sentencing court on July 1, 2003. Id. Morales also attempted to appeal his sentence via an amended judgment on July 30, 2013, however, it was dismissed by the Second Circuit because he had "already appealed his sentence, unsuccessfully, following the district courts entry of the 2001 judgment." Morales, Crim. No. 96-00317-DC-2 at Doc. No. 171. Morales subsequently filed this instant petition pursuant to 28 U.S.C. § 2241, challenging the career offender sentence enhancement and asserting a right to be released on the grounds of actual innocence. (Doc. No. 1.) Morales claims that Descamps v. United States, 570 U.S. 254 (2013) and Matthis v. United States, __ U.S. __, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016) "collectively renders the instant conviction categorically unfit to support the career offender penalty." (Doc. No. 1-1 at 1.)

## II. DISCUSSION

When challenging the validity of a federal conviction or sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. See In re Dorsainvil, 119 F.3d 245, 249 (3d

2

Cir. 1997); Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) ("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence."). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This "safety-valve" clause is to be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 F. App'x at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law.").

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002). Rather, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538. Moreover, the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Dusenbery v. Oddo, Civ. No. 17-2402, 2018 WL 372164, at *3 (M.D. Pa. Jan. 11, 2018) (citing Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)). Prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the

3

motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Id.

As recognized in Dorsainvil, a federal prisoner can pursue relief under § 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding § 2241 may not be used to raise an Apprendi v. New Jersey, 530 U.S. 466 (2000) claim that is barred by the procedural limitations imposed by the AEDPA); Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (concluding § 2241 may not be used to challenge a determination that the prisoner was a career offender under U.S.S.G. § 4B1.1 where subsequent statutory interpretation revealed that the conduct at issue could not support a finding that the prisoner was a career offender); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi." United State v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." Adderly v. Zickefoose, 459 F. App'x 73, 2012 WL

4

252416, at *2 (3d Cir. 2012); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws.").

To the extent that Morales claims he meets the requirements under the savings clause based on his actual innocence of being a career offender, such a claim is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241. See Brown v. Bledsoe, 2012 WL 92344, at *8 (M.D. Pa. Jan. 11, 2012); Chestnut v. Thomas, 2014 WL 6886251, at *5 (M.D. Pa. Dec. 4, 2014); Allen v. Longley, 2012 WL 4052228 at *2 (S.D. Miss. Sept. 13, 2011); Bradford v. Tamez, 660 F.3d 226, 230 (5th Cir. 2011).

Morales also argues that Descamps and Matthis "collectively render[] the instant conviction categorically unfit to support the career offender penalty." (Doc. No. 1-1 at 1.) However, Morales offers no evidence that the United States Supreme Court or the Third Circuit has held that Descamps or Matthis announced a new rule of law retroactively applicable to cases on collateral review. See Jackson v. Kirby, Civ. No. 17-4651, 2017 WL 3908868, at *1, n.1 (D.N.J. Sept. 6, 2017) (noting that neither the Supreme Court nor the Third Circuit Court of Appeals has decided whether Matthis is retroactively applicable on collateral review); U.S. v. Upshaw, Civ. No. 14-278, 2014 WL 3385118, at *2 (N.D. Fla. Jul.

9, 2014) (collecting cases that provide that the Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review); Smith v. Warden Lewisburg USP, 614 F. App'x 52, 55 (3d Cir. 2015) (providing that Descamps "does not constitute the rare situation of an intervening change of the law sufficient to apply the 'safety valve' provided by § 2241").

Morales relies on the Supreme Court's grant, vacate and remand order ("GVR") in Persaud v. United States, 134 S. Ct. 1023 (2014), to argue that he is entitled to relief under § 2241. (Doc. Nos. 1-1, 7.) In Persaud, the defendant sought to challenge a sentencing enhancement in a § 2241 petition and the savings clause of § 2255. On appeal, the Solicitor General conceded that a federal prisoner is not categorically barred from challenging a sentencing enhancement under § 2241, and then asked the Supreme Court to remand the case to the Fourth Circuit for reconsideration. See Brief of Appellee at *22-23, Persaud, 134 S. Ct. at 1023. The Supreme Court acquiesced and issued a GVR order. Id. at 1023. The Supreme Court's GVR order, however, was not a reversal on the merits. See Communities for Equity v. Mich. High Sch. Athletic Ass'n, 459 F.3d 676, 681 (6th Cir. 2006). Rather, the GVR order was "a device that allows a lower court that had rendered its decision without the benefit of an intervening clarification to have an opportunity to reconsider that decision and, if warranted, to revise or correct it." Gonzalez v. Justices of the Mun. Ct. of Boston, 420 F.3d 5, 7 (1st Cir. 2005).

Simply put, the GVR order in Persaud "is not a substantive decision." See Sharbutt v. Vasquez, 600 F. App'x 251, 252 (5th Cir. 2015); Gonzalez, 420 F.3d at 7 (a GVR order "does not constitute a final determination on the merits; it does not even carry precedential weight"). Moreover, as noted by Respondent, the brief for the United States in Persaud acknowledges a narrow category where a sentencing claim may be raised via § 2241 under the savings clause, i.e, only with sentences that exceed the statutory maximum or where a greater mandatory minimum sentence was required, and such claims must rely upon intervening case law that has been made retroactive to cases on collateral review. (Doc. No. 6 at 6); Brief of Appellee at *22-23, Persaud, 134 S. Ct. at 1023. In the instant case, however, Morales does not set forth any decisions under Second Circuit case law that abrogates prior circuit precedent that had previously foreclosed his claim.

Morales also argues that Beckles v. United States, 137 S. Ct. 886 (2017), allows him to challenge the career offender enhancement pursuant to § 2241, as long as he was sentenced under the pre-Booker Guidelines. (Doc. No. 1-1 at 3.) However, Beckles only resolved a void-for-vagueness collateral challenge to a post-Booker application of the now advisory guidelines. "In Beckles, by adhering to the 'distinction between mandatory and advisory,' the Supreme Court 'le[ft] open the question [of] whether defendants sentenced to terms of imprisonment before [Booker] . . . may mount vagueness attacks on their sentences.'" United

States v. Scott, No. 98-cr-170, 2018 WL 656038, at *2 (M.D. Pa. Feb. 1, 2018) (citing Beckles, 187 S. Ct. at 903 n.3 (Sotomayor, J., concurring in judgment)). That issue, which is currently raised by Morales in his petition, was not presented by Beckles and the Supreme Court took "no position on its appropriate resolution." Id.

**III. CONCLUSION**

"The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255." Oddo, 2018 WL 372164, at *4. Accordingly, because there is no basis for a determination that § 2255 is inadequate or ineffective, Morales' § 2241 petition will be dismissed for lack of jurisdiction. An appropriate order follows.

    s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 28, 2018

8